

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-77,157-01 & WR-77,157-02

### EX PARTE DANIEL LEE LOPEZ, Applicant

**ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS AND MOTIONS TO STAY THE EXECUTION IN CAUSE NO. 09-CR-787-B IN THE 117TH JUDICIAL DISTRICT COURT NUECES COUNTY**

**ALCALA, J., filed a concurring statement in which JOHNSON, J., joins.**

### CONCURRING STATEMENT

I concur in the Court's judgment declining to reconsider the waiver of initial state habeas proceedings and dismissing as subsequent the application for a post-conviction writ of habeas corpus filed on behalf of Daniel Lee Lopez, applicant. *See* TEX. CODE CRIM. PROC. art. 11.071. Although counsel has presented what otherwise might be compelling arguments in support of his position that an applicant should not be permitted to waive all initial state habeas review if significant evidence exists supporting a colorable claim of innocence, I conclude that, under the particular circumstances and facts of this case,

applicant's waiver should be upheld as valid.

In 2010, applicant was convicted of capital murder for the intentional or knowing killing of Stuart Alexander, a peace officer acting in the lawful discharge of an official duty. It is undisputed that applicant caused Alexander's death after running over him with his vehicle while attempting to flee law enforcement. After his conviction, applicant subsequently waived all state and federal habeas review, expressing a consistent desire to expedite his death sentence even while maintaining that he never intended to kill the officer.[1] Now, in the present proceeding, counsel acting on applicant's behalf asserts that this Court should find applicant actually innocent based on evidence indicating his lack of intent to kill the complainant. This evidence consists of vision screening reports from the Polunsky Unit indicating that applicant has severely impaired eyesight; applicant's testimony in federal court indicating that he wore non-prescription, "off the streets" contact lenses and had been blinded with pepper spray at the time of the offense; and applicant's testimony in federal court asserting that he accidentally ran over the complainant and never intended to kill him. Recognizing that our ability to consider post-conviction claims in capital-murder cases is limited by the statutory dictates of Code of Criminal Procedure Article 11.071, counsel

---

[1] In the federal proceeding in which the district court obtained a waiver of applicant's federal habeas proceedings, applicant maintained that, although the killing was "never intentionally" committed and he did not see the complainant "until the last minute," he was "positive" that he did not want to pursue any further review of his conviction and his "decision this whole time has been constant." He stated that he did not "think [he had] the evidence to prove [that he has] a good case" and that he has "accepted the fact [of] what [his] outcome is going to be." He indicated that he wanted to accept his punishment and "move on with [his] life" and "start over."

suggests that this Court may consider this claim either by reconsidering, on our own motion, applicant's waiver of initial state habeas proceedings on the basis that any waiver was invalid, or by determining that this claim is cognizable in a subsequent writ proceeding under Article 11.071, Section 5. *See* TEX. CODE CRIM. PROC. art. 11.071, § 5.

Although counsel's contention that a death-sentenced individual who has a colorable claim of innocence may not validly waive all state habeas review of that claim is an argument that I would ordinarily determine requires further review, I am persuaded that, even if this Court were to reconsider the validity of applicant's waiver and reopen his initial habeas proceedings, his actual-innocence claim would, in any event, fail on its merits in light of the fact that the jury already passed on the essence of the facts presented in this current application. Counsel's principal suggestion appears to be that permitting an innocent individual to be executed would violate the Eighth Amendment prohibition on cruel and unusual punishment and, as such, permitting a death-sentenced individual with a colorable claim of innocence to waive all post-conviction review is similarly impermissible. I agree with the underlying principle that, if significant evidence exists indicating a possibly meritorious claim of innocence, a person convicted of capital murder and sentenced to death should not be permitted to waive all post-conviction review, regardless of his apparent desire to forgo all avenues for relief and expedite his death. As this Court has observed, "'[t]he quintessential miscarriage of justice is the execution of a person who is entirely innocent.'" *Ex parte Blue*, 230 S.W.3d 151, 158 (Tex. Crim. App. 2007) (quoting *Schlup v. Delo*, 513

U.S. 298, 324-25 (1995)); *see also Paredes v. State*, 129 S.W.3d 530, 540 (Tex. Crim. App. 2004) (explaining that "execution of an innocent person would violate due process"). No matter how adamant, articulate, or persistent a death-sentenced person may be in expressing his desire to expedite his punishment, if he has a persuasive claim of innocence, then permitting him to be executed without reviewing such a claim results in a possible constitutional violation. The courts' and the State's complicity in accepting an applicant's waiver and permitting an execution to go forward under those circumstances would do little to advance the retribution and deterrence justifications underlying the death penalty. *See Atkins v. Virginia*, 536 U.S. 304, 318-19 (2002).

But, given the facts and circumstances of the present case, I conclude that counsel's factual assertions do not rise to the level of indicating that applicant would likely succeed on the merits of an actual-innocence claim, even were this Court to consider it. The primary evidence upon which counsel relies—medical records indicating applicant's vision problems, evidence that applicant had been pepper sprayed and was vision impaired at the time of the offense, and applicant's own testimony indicating a lack of intent—all appears to have been reasonably available and known to applicant as of the time of trial. That evidence, therefore, is not newly discovered, as is required by our actual-innocence standard. *See Ex parte Holloway*, 413 S.W.3d 95, 97 (Tex. Crim. App. 2013) (per curiam) ("An applicant for habeas relief based on a claim of actual innocence must demonstrate that the newly discovered evidence, if true, creates a doubt as to the correctness of the verdict sufficient to undermine

confidence in the verdict and that it is probable that the verdict would be different on retrial."). Perhaps more importantly, as the State observes in its response to these filings, the focus of applicant's defense at trial was his lack of intent to kill the complainant based on his impaired vision. This assessment of the evidence was echoed in the federal district court opinion in which the court accepted applicant's waiver of federal habeas proceedings, in which the court stated,

> As Lopez repeatedly threw punches, the officer tried to use pepper spray. A factual dispute arose at trial over whether the pepper spray impaired Lopez's ability to see. . . . Lopez's intent in killing Officer Alexander was the primary concern for jurors. . . . The State argued that the jury could infer Lopez's intent from the circumstances surrounding the murder, including: Lopez's repeated efforts to avoid arrest, his violence against the officer who first pulled him over, his attempts to run over other officers, and testimony from eyewitnesses that he maneuvered his vehicle directly into the victim. . . . The defense vigorously argued that Lopez lacked the intent necessary for a capital murder conviction. According to the defense, Lopez was traveling at a high rate of speed as he approached the stop sticks manned by Officer Alexander. Lopez swerved to avoid the stop sticks, but because of poor lighting and pepper spray in his eyes, he never saw the officer.

*Lopez v. Stephens*, No. 2:12–CV–160, 2014 WL 2981056 (S.D. Tex. July 1, 2014). Given the similarities between the defensive evidence presented at trial and the evidence counsel presents today, it appears that this defensive evidence was available at the time of trial and largely has already been passed upon and rejected by the jury. That same evidence, without more, cannot now serve as a proper basis for finding that applicant is actually innocent in the sense that no rational juror, in light of that evidence, could have convicted him. *See Ex parte Elizondo*, 947 S.W.2d 202, 210 (Tex. Crim. App. 1996).

Although I find persuasive counsel's argument that it would be improper for this Court to stand by and permit an individual with a colorable claim of innocence to waive all post-conviction review and be executed, this case does not implicate such concerns. I cannot agree that a convicted person may obtain relief on an actual-innocence claim that is premised on a fact—here, that applicant was not able to see the complainant and thus could not have formed the requisite intent—when that same fact was the basis for his defensive theory at trial and reconciled against him by the jury in its finding of guilt. Whatever the cause of applicant's alleged inability to see at the time of the offense, the jury, in finding him guilty of capital murder, determined that he was able to see the deceased well enough to form the intent to kill him. The evidence presented by counsel that supposedly strengthens the claim that applicant was unable to see—the ill-fitting contact lenses, for example—does not rise to the level of changing the underlying character of the defensive theory that was before the jury, that is, that applicant was unable to see the complainant. Because the jury reconciled against applicant what is essentially the same defensive theory presented here,[2] I join this Court's order upholding as valid applicant's waiver of all post-conviction claims and dismissing as subsequent this application for a post-conviction writ of habeas corpus.

Filed: August 4, 2015

Do Not Publish

---

[2]*See Ex parte De La Cruz*, No. WR-76,781-01, 2015 WL 3764769 (Tex. Crim. App. June 17, 2015).